BAILEY v. INDUSTRIAL COMMISSION et al.

No. 6970.   Decided November 26, 1946.   (174 P. 2d 429.)

*Abe W. Turner*, of Provo, and *Jesse K. Smith*, of Salt Lake City, for plaintiff.

*Grover A. Giles*, Atty. Gen., *Zar E. Hayes*, Deputy Atty. Gen., and *F. A. Trottier*, of Salt Lake City, for defendants.

WADE, Justice.

Certiorari to review a decision of the Industrial Commission of Utah refusing to grant plaintiff an award for injuries allegedly incurred while he was working as an attendant at the Utah State Hospital.

On April 29, 1939, while plaintiff was working as an attendant at the Utah State Hospital, he was attacked by an inmate who attempted to choke him. An immediate medical examination disclosed that as a result of the scuffle with the inmate, plaintiff was badly bruised around the shoulders and chest and the ligaments strained, but that no bones were broken. Plaintiff continued on his job until January of 1946. In March 1946, he filed an application with the Industrial Commission for compensation for the injuries suffered on April 29, 1939, which he alleged had caused his left hip to become lame so that he was no longer able to work.

At the hearing the medical testimony indicated that plaintiff's left hip was ankylosed or fixed and this affected his locomotion. There was evidence that this condition could be due to any number of causes such, for instance, as infection, a fall or blow causing a fracture, or it could be due to arthritis which may come naturally to any person who has reached the age of 50 years. Plaintiff is now 73 years old.

The commission found that there was no causal connec-

tion between the injuries sustained on April 29, 1939, and the disability that plaintiff now suffers and for which he seeks compensation. The commission also found that the action was barred by the statute of limitations.

Sec. 42-1-79, U. C. A. 1943, provides that:

"The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; * * *."

Unless the commission has acted capriciously or arbitrarily in making such findings this court will not disturb its decision.

We have carefully considered the record and in view of the fact that plaintiff sustained injuries around the neck and chest and there was no medical evidence which connected these injuries with the ailment of his hip, the commission could reasonably find as it did that there was no causal connection between plaintiff's disability and the injuries which he sustained on April 29, 1939. Since the commission's decision on the merits of the case is not reversible, it will not be necessary to decide here whether the commission erred in ruling that the action was barred by the statute of limitations.

Affirmed.

LARSON, C. J., and McDONOUGH, PRATT, and WOLFE, JJ., concur.